IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PARKER TOWING COMPANY, INC. AS OWNER AND OPERATOR OF THE M/V TOUCHSTONE ENERGY, | ) ) ) ) ) ) ) ) ) ) ) ) | 

CIVIL ACTION NO. 17-00489

CONSOLIDATED WITH

IN THE MATTER OF THE COMPLAINT OF POWERSOUTH ENERGY COOPERATIVE AS OWNER OF THE UNNAMED E-CRANE BARGE

CIVIL ACTION NO. 19-00862

**ORDER**

This matter is before the Court on Claimant Christopher James Williams' ("Williams") Motion to Lift Stay (Doc. 43) and PowerSouth Energy Cooperative's ("PowerSouth") Motion to Dismiss as amended (Docs. 51 and 56).

**PROCEDURAL BACKGROUND**

On September 27, 2017, Williams filed a lawsuit in the Circuit Court of Washington County, Alabama for injuries sustained while employed on Parker Towing Company, Inc.'s ("Parker") vessel M/V TOUCHSTONE ENERGY ("State Action"). Specifically, Williams alleges he was injured on June 5, 2017 while securing barges at PowerSouth's Lowman Power Plant on the Tombigbee River in Jackson, Alabama. Williams asserted state law claims against PowerSouth and general maritime and Jones Act claims against Parker.

On November 6, 2017, Parker commenced the instant action under the Limitation of Liability Act (46 U.S.C. §§ 30501 *et seq.*) seeking to limit its liability for claims arising out of the incident made the basis of the State Action. (Doc. 1 at 4). The Court entered an Order on

November 9, 2017, *inter alia*, staying the State Action. (Doc. 4). Both Williams and PowerSouth answered Parker's Limitation action and filed counterclaims. (Docs. 7, 8 and 10). Parker in turn filed a counterclaim against PowerSouth. (Doc. 16). Williams thereafter filed a motion to lift the stay, together with stipulations designed to secure Parker's rights under the Limitation Act. (Docs. 17, 18, and 26). On March 8, 2018, the Court granted Williams' motion and lifted the stay "for the limited purpose of allowing … Williams to litigate liability and damages issues" in the State Action. (Doc. 30). The order lifting the stay was "expressly conditioned on Williams' Stipulations and Supplemental Stipulations filed in this action," and "entered pursuant to the saving to suitors clause of 28 U.S.C. § 1333(1)." (*Id.*).

On June 4, 2019, Williams filed an Amended Complaint in the State Action, in which he asserted maritime claims against PowerSouth for the first time. Based on these new maritime claims, PowerSouth commenced a separate Limitation action in this Court on October 28, 2019, which was consolidated into the instant action. (Docs. 39 and 40).[1] Both Williams and Parker answered PowerSouth's Limitation complaint and filed claims. (Docs. 40 and 41). Williams asserted negligence claims against PowerSouth and Parker, a claim against Parker for maintenance and cure and associated punitive damages, and a maritime claim for punitive damages against PowerSouth. (Doc. 40 at 59). Parker asserted claims against PowerSouth for indemnity, contribution, and reimbursement. (Doc. 41).

---

[1] PowerSouth's Limitation action, initially civil action no. cv-19-862-JB-C, was consolidated into this action by Order dated December 17, 2019. (Doc. 39). Proceedings that occurred prior to the filing of PowerSouth's Limitation action are described more fully in the Court's March 8, 2018 Order. (Doc. 30).

Williams filed the subject Motion to Lift Stay on May 13, 2020, seeking to re-commence proceedings in the State Action. (Doc. 43).[2] Williams offered the same stipulations previously approved by the Court in connection with its March 8, 2018 order lifting the first stay. The Court set Williams' Motion to Lift Stay for hearing on July 20, 2020. (Doc. 50). On July 17, 2020, three days prior to the hearing, PowerSouth filed a Motion to Dismiss its Limitation complaint, including its indemnity and contribution claims against Parker. (Doc. 51). In its Motion, PowerSouth represents that all matters between it and Williams, in this action and the State Action, have been resolved ("Settlement").

At the July 20 hearing, the Court addressed PowerSouth's Motion to Dismiss and Williams' Motion to Lift Stay, and ordered briefing on the Motion to Dismiss to be completed by August 10, 2020. On that day, PowerSouth filed an "Amended Motion to Dismiss and Vacate." (Doc. 56). PowerSouth's Amended Motion seeks dismissal of its October 28, 2018 Limitation Complaint *in toto* (Doc. 40 at 3), vacation of the Court's July 20, 2020 Order approving the Ad Interim Stipulation for Value of PowerSouth's unnamed E-CRANE BARGE (Doc. 54), and dismissal of PowerSouth's claims for indemnity and contribution against Parker filed on December 29, 2017 (Doc. 8). (PowerSouth's Motion to Dismiss and Amended Motion to Dismiss are collectively referred to as "Motion to Dismiss.") The parties have briefed PowerSouth's Motion to Dismiss.

---

[2] A form Order staying the State Action was filed with PowerSouth's Limitation complaint. Stay was entered by Order dated July 20, 2020. (Doc. 54). The Court understands there have been no proceedings in the State Action since the filing of PowerSouth's Limitation action.

**ANALYSIS**

The parties have largely woven their arguments regarding the Motion to Lift Stay into their most recent briefs regarding the Motion to Dismiss. The Court will take up the Motion to Dismiss first, and then turn to the Motion to Lift Stay.

**1. PowerSouth's Motion to Dismiss**

In support dismissal, PowerSouth argues that its Settlement with Williams extinguishes any further reason to maintain its Limitation action. (Doc. 51). It contends its Limitation Action should be dismissed *in toto*, including Parker's indemnity and contribution counterclaim against it. Parker's counterclaim, PowerSouth argues, "may be heard and considered in Parker's own" Limitation action. (Doc. 56).

Parker opposes PowerSouth's Motion to Dismiss, especially as it is directed to its counterclaim against PowerSouth and Williams' third-party claims against Parker. Parker relies on Rule 41(a)(2):

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.[3]

Parker's counterclaim against PowerSouth was pleaded before Parker was served with PowerSouth's Motion to Dismiss. Therefore, under Rule 41(a)(2), the Court can dismiss PowerSouth's action over Parker's objection "only if [Parker's] counterclaim can remain pending

---

[3] Rule 41(a)(1) is inapplicable.

for independent adjudication."  The Court finds that it does have independent jurisdiction of Parker's counterclaim, and therefore that it can remain pending for independent adjudication if PowerSouth's Limitation action were dismissed.  The Court will not dismiss Parker's counterclaim against PowerSouth in PowerSouth's Limitation action.

Rule 41(a)(2) does not prevent dismissal of PowerSouth's Limitation action against Parker and Williams, or Williams' third-party claims against Parker.  Dismissal of Williams' third-party claims against Parker would not be over Williams' objection.  Although Williams' third-party claims can remain pending for independent adjudication, Rule 41 does not require that it does.  The Court has discretion under Rule 41(a)(2) to dismiss PowerSouth's Limitation claims against Parker and Williams' third party claim against Parker.

The Court is not persuaded by Parker's equitable arguments against dismissal.  (Doc. 55). Parker does not specify, for example, what expenses it "has and continues to incur" as a result of Williams' maritime claims against PowerSouth and PowerSouth's resulting Limitation action that it would not otherwise have incurred or continue to incur.   Similarly, Parker's arguments based on "substantial federal interests" are diminished in light of the Settlement.  A number of the federal interests noted in Parker's opposition to the Motion to Lift Stay (filed before the Motion to Dismiss) are obviated by the Settlement, including federal issues relating to general maritime claims against PowerSouth for unseaworthiness, negligence, and punitive damages.  (Doc. 48). Likewise, Parker's concern that this action has shifted from a "single-limitation proceeding into a dual concursus proceeding involving federal maritime law claims against two separate vessels – both of which are now subject to Limitation of Liability Act proceedings before this Honorable Court," would be alleviated.  Dismissal of PowerSouth's Limitation claims against Parker,

settlement and dismissal of Williams' federal maritime claims against PowerSouth, and vacation of the Order approving Ad Interim Stipulation for Value of PowerSouth's unnamed E-CRANE BARGE would avoid such procedural features in this action.  Finally, dismissal of PowerSouth's Limitation action, including its indemnity and contribution claims against Parker, would avert the need for this Court to determine PowerSouth's rights under the Limitation Act.

**2. Motion to Lift Stay**

Williams argues his Motion to Lift Stay should be granted especially in light of his Settlement with PowerSouth.  Williams, now joined by PowerSouth, argues the Settlement puts this action in the same posture it was in when the Court lifted the first stay after the filing of Parker's Limitation action.[4]

Parker initially objected to the Motion to Lift Stay on grounds that Williams' assertion of maritime claims against PowerSouth, and PowerSouth's resulting Limitation complaint, transformed this action into a dual concursus proceeding involving maritime claims against two vessels.  (Doc. 48).  According to Parker, this action presents "compelling concerns of federal maritime law and judicially efficiency" such the Court should deny Williams' Motion and decide all claims, including Williams' claims, in this action.  (*Id.*).  Parker further contends that Williams' stipulations do not adequately protect its rights under the Limitation Act.  (*Id.*).

Parker continues its objection to Williams' Motion to Lift Stay notwithstanding the Settlement.  Parker argues that its counterclaim against PowerSouth and Williams' third-party claim against Parker, which were filed in PowerSouth's Limitation action, should be adjudicated

---

[4] Although initially objecting to the Motion to Lift Stay (Doc. 47), PowerSouth now, after its Settlement with Williams, supports the Motion.  (Doc. 56).

by this Court even if PowerSouth's Limitation claims are dismissed. (Doc. 55). Parker contends that Williams' filing of his third-party claim against Parker constitutes a voluntary invocation of federal jurisdiction which, apparently, is irrevocable and should extinguish his right to a state forum. Parker also argues that denying Williams' Motion to Lift the Stay will not upset the balance of federal and state responsibility because Williams' allegations do not implicate state concerns. Whether that is true, Williams' allegations do implicate his right to a state forum to adjudicate his claims against Parker.

A principal issue presented by the instant Motion to Lift Stay, as by the first motion to lift stay, is whether "Parker Towing's rights under the Limitation Act, including both its right to litigate limitation issues exclusively in this admiralty court and its right to be insulated from paying damages in excess of the limitation fund unless this admiralty court first denies limited liability," are adequately safeguarded by Williams' stipulations. (Doc. 30). For the reasons set out in the Court's March 8, 2018 Order (Doc. 30), the Court finds that they are.

## CONCLUSION

Based on the foregoing, and upon due consideration of the parties' briefs and oral argument, the Court concludes as follows:

I. PowerSouth's Motion to Dismiss as amended (Docs. 51 and 56) is granted in part and denied in part, as follows: The Motion to Dismiss is **GRANTED** as to PowerSouth's claims for indemnity and contribution against Parker[5] and Williams' claims against

---

[5] PowerSouth's claims for indemnity and contribution against Parker are asserted in its Claim dated December 29, 2017. (Doc. 8).

      Parker asserted in PowerSouth's Limitation action,[6] all of which are dismissed with prejudice.  PowerSouth's Motion to Dismiss as amended (Docs. 51 and 56) is **DENIED** as to any and all claims asserted by Parker.  All of Parker' claims against PowerSouth, including without limitation Parker's counterclaim asserted in Parker's Limitation action (Doc. 16) and Parker's claims asserted in its Answer to PowerSouth's Limitation complaint (Doc. 41) remain and are subject to the exclusive jurisdiction of this Court.

II.    As a consequence of its ruling on the Motion to Dismiss in I. above, and in light of the Settlement between PowerSouth and Williams, the Court concludes that this action is in essentially the same posture as it was when the Court first lifted stay.  (Doc. 30).  Williams' Motion to Lift Stay (Doc. 43) is **GRANTED** for the limited purpose of allowing Williams to litigate liability and damages issues in the Circuit Court of Washington County (and any appellate proceedings resulting from same) in the action styled *Williams v. Parker Towing Company, Inc. and PowerSouth Energy Cooperative*, Case No. 65-CV-2017-900062.00.  This Order is expressly conditioned on Williams' Stipulations and Supplemental Stipulations filed in this action (Docs. 18 and 26) and is entered pursuant to the saving to suitors clause of 28 U.S.C. § 1333(1).  All issues involving Parker's rights under the Limitation Act will be decided by this Court sitting in admiralty in these proceedings.

    **DONE and ORDERED** this 12th day of January, 2021.

    /s/ JEFFREY U. BEAVERSTOCK  
    UNITED STATES DISTRICT JUDGE

---

[6] Williams's claims against Parker in PowerSouth's Limitation action are asserted in his Answer thereto.  (Doc. 40 at 68 – 71).